UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JACQUELINE ROGERS,                          :

                    Plaintiff,              :

    -against-                               :

THE BANK OF NEW YORK MELLON                 :    09 Civ. 8551 (HBP)
f/k/a, THE BANK OF NEW YORK
COMPANY, INC., DARLANE HOFFMAN,             :    OPINION
MANAGING DIRECTOR, in her                        AND ORDER
individual and professional                 :
capacity, DONALD MCCARTHY,
in his individual and                       :
professional capacity,
CHARLES PARKER in his individual            :
and professional capacity,
ROSEMARY LYNCH, in her individual           :
and professional capacity,
ROSANNE BODNAR in her individual            :
and personal capacity and
LAURA DESIDERIO in her                       :
individual and professional
capacity,                                    :

                    Defendants.             :

-----------------------------------X


            PITMAN, United States Magistrate Judge:


            By Opinion and Order filed on August 15, 2016, famil-

iarity with which is assumed, I granted in part and denied in

part defendants' motion for summary judgment and dismissed most

of plaintiff's claims of employment discrimination (see Redacted

Opinion & Order, filed Aug. 15, 2016 (Docket Item ("D.I.") 95)

("Opinion & Order")).[1]

Defendants have moved, pursuant to Local Civil Rule 6.3, Fed.R.Civ.P. 59(e) and Fed.R.Civ.P. 60(b), for reconsideration of that portion of the Opinion & Order that denied defendants' motion for summary judgment with respect to plaintiff's pay discrimination claims (Notice of Motion for Reconsideration, dated Nov. 10, 2016 (D.I. 105) ("Defs.' Motion")).[2] Defendants also seek reconsideration of that aspect of my decision which declined to address plaintiff's claim that she was discriminated against on the basis of national origin (Defs.' Motion at 2).

Plaintiff, who is now proceeding pro se,[3] opposes the motion (see Letter from Plaintiff to the Undersigned, dated May

---

[1] The Opinion & Order was initially filed under seal and sent to the parties on July 14, 2016; it was later filed in redacted form to protect confidential salary information (Opinion & Order at i n.1).

[2] Plaintiff has asserted pay discrimination claims against the Bank of New York Mellon pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the New York State Executive Law §§ 290 et seq., ("NYSHRL") and the New York City Administrative Code §§ 8-107 et seq. ("NYCHRL"). She has also asserted pay discrimination claims against Darlane Hoffman and Rosemary Lynch pursuant to the NYSHRL and the NYCHRL (Defs.' Motion at 2; Mem. of Law in Supp. of Defendants' Motion for Reconsideration, dated Nov. 10, 2016 (D.I. 106) ("Defs.' Mem.")).

[3] Plaintiff was represented by counsel at the time that the underlying summary judgment motion was briefed; plaintiff's counsel was relieved on March 10, 2017 (see Order, dated Mar. 10, 2017 (D.I. 111)).

31, 2017; Letter from Plaintiff to the Undersigned, dated May 8, 2017 (D.I. 116)).

All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

For the reasons set forth below, defendants' motion is granted. However, for the reasons set forth below, plaintiff is granted leave to replead that portion of her Complaint that alleges discrimination on the basis of national origin.

I.  Legal Standard for
    Motion for Reconsideration

Motions for reconsideration are appropriate only under limited circumstances. As explained by the late Honorable Peter K. Leisure, United States District Judge, in Davidson v. Scully, 172 F. Supp. 2d 458, 461-62 (S.D.N.Y. 2001):

> A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A party seeking reconsideration "is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan 18, 2000) (Mukasey, J.). Thus, a motion for reconsideration "is not a substitute for appeal and 'may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision.'"

> Morales v. Quintiles Transnational Corp., 25 F. Supp.
> 2d 369, 372 (S.D.N.Y. 1998) (citations omitted).

See also Torres v. Carry, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009) (Marrero, D.J.); Mahmud v. Kaufmann, 496 F. Supp. 2d 266, 269-70 (S.D.N.Y. 2007) (Conner, D.J.).

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court over-looked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); accord In re 650 Fifth Ave. & Related Properties, 08 Civ. 10934 (KBF), 2014 WL 3744404 at *1 (S.D.N.Y. July 28, 2014) (Forrest, D.J.), aff'd sub nom., Havlish v. Heqna, 673 F. App'x 34 (2d Cir. 2016) (summary order), petition for cert. filed, No. 17-306 (Aug 24, 2017); see also Quinn v. Altria Grp., Inc., 07 Civ. 8783 (LTS)(RLE), 2008 WL 3518462 at *1 (S.D.N.Y. Aug. 1, 2008) (Swain, D.J.) ("A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice."), citing Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).  "These limitations serve to

ensure finality and to prevent losing parties from using motions

for reconsideration as a vehicle by which they may then plug the

gaps of a lost motion with additional matters." <u>In re City of</u>

<u>New York, as Owner & Operator of M/V Andrew J. Barberi</u>,

CV-03-6049 (ERK)(VVP), 2008 WL 1734236 at *1 (E.D.N.Y. Apr. 10,

2008), <u>citing</u> <u>Zoll v. Jordache Enters. Inc.</u>, 01 Civ. 1339 (CSH),

2003 WL 1964054 at *2 (S.D.N.Y. Apr. 24, 2003) (Haight, D.J.);

<u>accord</u> <u>Cohn v. Metro. Life Ins., Co.</u>, 07 Civ. 0928 (HB), 2007 WL

2710393 at *1 (S.D.N.Y. Sept. 7, 2007) (Baer, D.J.).

II.  <u>Analysis</u>

   A.  Pay Discrimination
       <u>under Title VII and the NYSHRL</u>

       Claims of discrimination under Title VII and the NYSHRL

that result in an identifiable adverse employment action are

properly analyzed under the now familiar framework first set

forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802

(1973).  <u>Simmons v. Akin Gump Strauss Hauer & Feld, LLP</u>, 508 F.

App'x 10, 12 (2d Cir. 2013) (summary order); <u>Mandell v. County of</u>

<u>Suffolk</u>, 316 F.3d 368, 377 (2d Cir. 2003); <u>Raskin v. Wyatt Co.</u>,

125 F.3d 55, 60 (2d Cir. 1997).

       For a plaintiff to establish a <u>prima</u> <u>facie</u> case of

disparate treatment based on pay discrimination, she must show

that:

> (1) she was a member of a protected class; (2) she was
> qualified for the job in question; (3) she was paid
> less than members outside of the protected class for
> the same work; and (4) the employer's decision to pay
> the plaintiff less occurred under circumstances that
> give rise to an inference of discrimination.

Lawless v. TWC Media Sols., Inc., 487 F. App'x 613, 617-18 (2d

Cir. 2012) (summary order), citing Belfi v. Prendergast, 191 F.3d

129, 139-40 (2d Cir. 1999); see also McGuinness v. Lincoln Hall,

263 F.3d 49, 53 (2d Cir. 2001). Further, "[t]he facts necessar-

ily will vary in Title VII cases, and the specification above of

the prima facie proof required from [plaintiff] is not necessar-

ily applicable in every respect to differing factual situations."

McDonnell Douglas Corp. v. Green, supra, 411 U.S. at 802 n.13.

Under this standard, "[a] plaintiff makes out a prima

facie case when she produces evidence to show that a similarly

situated employee outside of the relevant protected group re-

ceived better treatment." Lawless v. TWC Media Sols., Inc.,

supra, 487 F. App'x at 618, citing McGuinness v. Lincoln Hall,

supra, 263 F.3d at 53; accord Farias v. Instructional Sys., Inc.,

259 F.3d 91, 98 (2d Cir. 2001); see, e.g., McGuinness v. Lincoln

Hall, supra, 263 F.3d at 56 (even in the absence of direct

evidence of discrimination, evidence that defendants provided

substantially different severance packages to similarly situated

employees outside of the protected class established a "record
[that was] susceptible to a reasonable determination that the
defendant offered employees different severance packages on the
basis of their race" ).[4]

If a plaintiff succeeds in establishing a <u>prima</u> <u>facie</u>
case, the employer bears the burden of articulating a non-dis-
criminatory reason for the unequal treatment.  <u>Lawless v. TWC</u>
<u>Media Sols., Inc.</u>, <u>supra</u>, 487 F. App'x at 616.  "[O]nce the
employer 'articulates a non-discriminatory reason' for its

_____

[4]Contrary to defendants' assertions (Defs.' Mem. at 12), a
plaintiff is not always required to proffer evidence of discrimi-
nation in order to make out a <u>prima</u> <u>facie</u> case of discrimination.
As explained by the Court of Appeals,

> [a]t the outset, a plaintiff can avoid dismissal by
> presenting the "minimal" prima facie case defined by
> the Supreme Court in <u>McDonnell Douglas</u>.  This requires
> no evidence of discrimination.  It is satisfied by a
> showing of "membership in a protected class, qualifica-
> tion for the position, an adverse employment action,"
> and preference for a person not of the protected class.
> <u>Fisher</u>, 114 F.3d at 1335; <u>see</u> <u>McDonnell Douglas</u>, 411
> U.S. at 802, 93 S.Ct. 1817.  By making out this "mini-
> mal" prima facie case, even without evidence of dis-
> crimination, the plaintiff "creates a presumption that
> the employer unlawfully discriminated," <u>Fisher</u>, 114
> F.3d at 1335 (internal quotation marks omitted), and
> thus places the burden of production on the employer to
> proffer a nondiscriminatory reason for its action.  If
> the defendant fails to discharge the burden by present-
> ing a nondiscriminatory reason, the plaintiff will
> prevail (assuming the other aspects of the prima facie
> case are not contested).

<u>James v. N.Y. Racing Ass'n</u>, 233 F.3d 149, 153-54 (2d Cir. 2000).

actions . . . the presumption [of discrimination] completely 'drops out of the picture.'"  James v. N.Y. Racing Ass'n, supra, 233 F.3d at 154 (citation omitted).  If the employer meets that burden, however, the plaintiff may still defeat a summary judgment motion by presenting evidence that the defendants' reasons are a pretext for illegal discrimination.  Howley v. Town of Stratford, 217 F.3d 141, 150 (2d Cir. 2000) ("[M]erely showing that the employer's proffered explanation is not a genuine explanation does not in itself entitle the plaintiff to prevail; the plaintiff is not entitled to judgment unless she shows that the challenged employment decision was more likely than not motivated, in whole or in part, by unlawful discrimination."); Holt v. KMI-Cont., Inc., 95 F.3d 123, 129 (2d Cir. 1996) ("In order to survive a motion for summary judgment, at the third step plaintiff must put forth adequate evidence to support a rational finding that the legitimate non-discriminatory reasons proffered by the employer were false, and that more likely than not the employee's sex or race was the real reason for the discharge.").

In the Opinion & Order, I denied defendants' motion for summary judgment on plaintiff's race- and color-based pay discrimination claims because plaintiff presented evidence that (1) at least two similarly situated white office managers and one Latino office manager were paid more than plaintiff, who is

African-American, and (2) there were white office managers who were reviewed for raises on a shorter salary review cycle[5] than plaintiff (Opinion & Order at 42-44). I also noted that defendants had not "offered any evidence demonstrating that the office managers who received higher salaries or received [more frequent] salary increases . . . had credentials that were better or experience greater than plaintiff's" (Opinion & Order at 42-43). Thus, I concluded that there was a question of fact as to whether plaintiff's lower salary and longer salary cycle reviews were the result of discrimination (Opinion & Order at 43-45).

Defendants assert that the Opinion & Order overlooked evidence they presented that demonstrated that the white and Latino office managers who received higher salaries or more frequent salary increases had more years of service than plaintiff (Defs.' Mem. at 9-11). Defendants argued in their motion for summary judgment that the length of an employee's service was one of the factors defendants considered in setting the office managers' salaries (see Mem. of Law in Supp. of Defendants' Motion for Summary Judgment, dated Dec. 5, 2014, at 22, citing

---

[5]The length of a salary review cycle determines when an employee will be reviewed for a salary increase (Opinion & Order at 6 n.7, citing Pl. Responses to Defendants' Rule 56.1 Statement, dated Jan. 28, 2015 ("Pl. Rule 56.1 Stmt.") ¶ 66). Plaintiff was on an 18-month salary review cycle (Opinion & Order at 6).

Defendants' Rule 56.1 Statement, dated Dec. 5, 2014, ¶ 60 <u>and</u>
Deposition of Darlane Hoffman ("Hoffman Dep."), annexed as Ex. 5
to Decl. of Howard M. Rogatnick in Supp. of Defendants' Motion
for Summary Judgment, dated Dec. 5, 2014 ("Rogatnick Decl."), at
51).  In support, defendants cited the testimony of plaintiff's
manager in which she stated that she determined employees' salary
increases by considering an employee's "time on the job" and
other factors (Hoffman Dep. at 51).  Defendants argue that I
overlooked this testimony and evidence attached to their papers
that corroborated Ms. Hoffman's testimony.  Defendants submitted
a chart that set forth the "effective dates" of the salaries for
the office managers, including plaintiff and the white and Latino
office managers who plaintiff asserts were paid more than her or
received raises more frequently than her (<u>see</u> Defs.' Mem. at 10-
11 & n.11, <u>citing</u> "Salaries of Office Managers in Technology
Sector From 2000-2006," annexed as Ex. 29 to Rogatnick Decl.
("Salary Chart")).  Defendants are correct that this evidence
shows that the white and Latino office managers that plaintiff
asserts were paid more than her or received raises more fre-
quently than her became office managers in 2001 or earlier, while
plaintiff was not promoted to the position until January 2005
(<u>see</u> Salary Chart).

        Plaintiff did not specifically controvert the effective

dates and salary information provided in the Salary Chart (Pl.
Rule 56.1 Stmt., ¶¶ 62-64). Plaintiff "denie[d, however,] that
[she] was being paid fairly in comparison to other employees in
the same position" (Pl. Rule 56.1 Stmt. ¶ 60). Plaintiff submit-
ted a declaration stating that "Caucasian Office Managers were
paid at a higher rate of pay and continue to be on a 12 to 15
mont[h] salary cycle review, while minorities are paid less and
are placed on extended salary cycle reviews" (Declaration of
Jacqueline Rogers, dated Jan. 28, 2015 ("Pl. Decl.") ¶ 10). She
also asserted that she was given "more assignments that [sic]
reflected [in her] title and position at the Bank" and that she
did not receive the "back-up assistance or part-time help," that
was provided to other office managers (Pl. Decl. ¶¶ 7,9; see also
Deposition of Jacqueline Rogers, annexed as Ex. A to Declaration
of Stewart Lee Karlin, Esq. dated Jan. 28, 2015, at 258-61).
Plaintiff also stated that she was the only office manager whose
salary was determined by the Human Resources Department, rather
than by her manager; she asserted that her manager had previously
determined the salary for a white office manager without involv-
ing Human Resources (Pl. Decl. ¶¶ 11-12). Plaintiff did not
proffer any evidence to support these broad statements in her
declaration nor did she dispute defendants' evidence that length
of service was the reason for the differences in treatment

between plaintiff and her comparators.

Reconsideration is warranted because defendants have identified evidence that they submitted in support of their motion for summary judgment that supported their position that there was a non-discriminatory reason for the differences in salary and salary review cycles between plaintiff and office managers outside of her protected class. Evidence that a plaintiff's comparators had greater lengths of service in the position constitutes a legitimate, non-discriminatory reason for providing plaintiff with a lower salary and less frequent salary reviews. See Holt v. KMI-Cont., Inc., supra, 95 F.3d at 129-30 ("The evidence that defendant filled these [two promotional positions that were denied plaintiff, an African American,] with white applicants who were more qualified [and had more experience] than plaintiff rebuts any presumption of discrimination."); see also Dhar v. N.Y.C. Dep't of Transp., 630 F. App'x 14, 15-16 (2d Cir. 2015) (summary order) ("claims of pay discrimination and denial of promotion opportunities fail[ed] because the defendants had a legitimate and non-discriminatory reason for the differences in salaries and promotions between [plaintiff] and his comparators, and [plaintiff] failed to present any evidence that their legitimate reason -- differing education and experience -- was pretextual"); Miller v. Batesville Casket Co., Inc., 312 F. App'x

404, 407 (2d Cir. 2009) (summary order) ("We agree with the
district court that [the plaintiff] failed to provide sufficient
evidence to rebut [the employer's] non-discriminatory explanation
for the allegedly more desirable sales accounts provided to [male
employees], i.e., their seniority and experience"); Fayson v.
Kaleida Health, Inc., 71 F. App'x 875, 876 (2d Cir. 2003) (sum-
mary order) (affirming summary judgment dismissing federal pay
discrimination claims where defendant presented evidence that
comparators outside of protected class had higher salaries
because they previously held higher positions or had greater
experience than plaintiff and plaintiff failed to set forth any
evidence that these non-discriminatory reasons were pretextual).

        Defendants' evidence of a non-discriminatory reason for
the pay disparity is also supported by other evidence in the
record.  The fact that both white and African-American office
managers often received raises more frequently than every 18
months cuts against plaintiff's argument that the decision to
place plaintiff on an 18-month salary cycle review was related to
her race or color (Defs.' Mem. at 7-8, 10-11, citing Salary
Chart).  Further, undisputed evidence that one white office
manager was paid less than plaintiff and one African-American
office manager was paid more than some of the white office
managers further bolsters defendants' position that salaries were

based on factors other than race or color (Defs.' Mem. at 7-8, 10-11, citing Salary Chart). See Holt v. KMI-Cont., Inc., supra, 95 F.3d at 134 (finding that the fact that a white employee was prohibited from participating in a bonus program under the same circumstances as plaintiff, a black female, "bolster[ed]" defendant's assertion that plaintiff did not meet the eligibility requirements for the program); see also McGuinness v. Lincoln Hall, supra, 263 F.3d at 55-56 (although female plaintiff established prima facie case because a similarly situated male received a better severance package, "defendant's offer of a high severance payment [to a female comparator]," and a severance package to a male comparator that was similar to plaintiff's, "cu[t] against plaintiff's claims of gender discrimination"). Thus, on reconsideration, I find that defendants have more than met their burden of offering a legitimate non-discriminatory reason for the differences in salary and the timing of salary reviews between plaintiff and certain office managers outside of her protected class.

Plaintiff, however, has failed to offer evidence to suggest that defendants' non-discriminatory explanation for the difference in compensation between her and the office managers outside of her protected class was pretextual. Plaintiff did not cite to any evidence, other than her personal beliefs, to support

14

her assertions that she was given more work, had greater respon-

sibilities or received less administrative support than other

office managers. Furthermore, plaintiff did not cite any evi-

dence other than her personal suspicions to support her conclu-

sion that she was the only office manager whose salary was

determined by Human Resources or that that decision was related

to her race or color. Plaintiff's "personal belief that she was

the most qualified person for the various positions," without

evidentiary support, is insufficient to create a genuine issue of

material fact to defeat summary judgment. See Holt v. KMI-Cont.,

Inc., supra, 95 F.3d at 130; see also Clayborne v. OCE Bus.

Services, 381 F. App'x 32, 35 (2d Cir. 2010) (summary order)

("Conclusory [unsupported] allegations cannot create a genuine

issue of fact" to defeat summary judgment); Smith v. American

Express Co., 853 F.2d 151, 154–55 (2d Cir. 1988) (summary judg-

ment was appropriate where plaintiff's allegations that the

reasons given for the denial of his promotion were pretextual

were "conclusory and unsupported by evidence of any weight").

Further, plaintiff has not proffered any additional

evidence of discriminatory animus to support her allegations of

pretext; rather she relies solely on the disparity in pay and

salary review periods between herself and other office managers

to support her claim of discrimination (see Mem. In Opp. to

15

Defs.' Motion for Summary Judgment, dated Jan. 28, 2015 ("Pl.
Mem.") at 19-21; Pl. Decl. at 21).[6]  Thus, even if plaintiff did
cast doubt on defendants' proffered reason for the differences in
her salary and review cycle, plaintiff failed to put forth
sufficient evidence of discrimination to create a genuine issue
of fact.  See Deabes v. Gen. Nutrition Corp., 415 F. App'x 334,
336 (2d Cir. 2011) (summary order) (affirming summary judgment
for defendant because, "[e]ven if the record, viewed in the light
most favorable to [plaintiff], contains inconsistent testimony
concerning [defendant's asserted non-discriminatory reason for
terminating plaintiff], this is insufficient to create a genuine
issue of material fact, as [plaintiff] has pointed to no evidence
that would permit a rational factfinder to infer that [defendant]
was motivated by unlawful discriminatory intent," citing St.
Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993) ("[A] reason
cannot be proved to be 'a pretext for discrimination' unless it
is shown both that the reason was false, and that discrimination
was the real reason.") (emphasis in original)).

        Therefore, on reconsideration, defendants' motion for
summary judgment on plaintiff's claims of race- and color-based

---

[6]As discussed in the Opinion & Order, plaintiff also failed
to put forth sufficient evidence to show that she was subject to
discriminatory or offensive conduct because of her race, color or
gender to create an issue of fact as to her hostile work environ-
ment claims or her retaliation claims (Opinion & Order at 47-69).

pay discrimination in violation of Title VII and the NYSHRL is granted.

B.  Pay Discrimination under NYCHRL

As noted in the Opinion & Order, plaintiff's NYCHRL claims must be analyzed separately from her federal and state law claims.  Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013).

To survive a motion for summary judgment seeking dismissal of a NYCHRL claim, plaintiff need only show that "she has been treated less well than other employees" at least in part because of her race or sex.  Williams v. N.Y.C. Hous. Auth., 61 A.D.3d 62, 78, 872 N.Y.S.2d 27, 39 (1st Dep't), leave to appeal denied, 13 N.Y.3d 702, 914 N.E.2d 365, 885 N.Y.S.2d 716 (2009) (Table).  However, under the NYCHRL, "plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive."  Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., supra, 715 F.3d at 110.  Thus, "the plaintiff need only show that her employer treated her less well, at least in part for a discriminatory reason.  The employer may present evidence of its legitimate, non-discriminatory motives to show the conduct was not caused by discrimination, but it is entitled to summary judgment on this basis only if the record established as a matter

of law that discrimination play[ed] no role in its actions."

Mihalik v. Credit Agricole Cheuvreux North America, Inc., supra,
715 F.3d at 110 n.8 (internal quotation marks, alteration and
citation omitted; emphasis in original); accord Gorman v.
Covidien, LLC, 13 Civ. 6486 (KPF), 2015 WL 7308659 at *12
(S.D.N.Y. Nov. 19, 2015) (Failla, D.J.); E.E.O.C. v. Bloomberg
L.P., 967 F. Supp. 2d 816, 836 (S.D.N.Y. 2013) (Preska, D.J.).
Applying this standard, courts have dismissed NYCHRL claims at
the summary judgment stage where the plaintiff failed to put
forth any evidence of discrimination beyond a difference in
treatment.  See, e.g., St. Jean v. United Parcel Serv. General
Serv. Co., 509 F. App'x 90, 91 (2d Cir. 2013) (summary order)
("[G]iven that plaintiff did not offer sufficient evidence in
rebuttal to raise an issue of fact that defendants' actions in
[applying a company policy to suspend plaintiff from work] were
false, contrived, or pretextual, we affirm [summary] judgment [on
plaintiff's NYCHRL claim]" (citations omitted)); Joseph v. Owens
& Minor Distrib., Inc., 5 F. Supp. 3d 295, 321 (E.D.N.Y. 2014)
("Plaintiff has not established a discrimination claim even under
the more liberal NYCHRL standard, because he has failed to show
that discrimination played any role in Defendant's decision to
terminate him." (emphasis in original)), aff'd, 594 F. App'x 29
(2d Cir. 2015) (summary order).

As discussed above, defendants have offered evidence of a legitimate, non-discriminatory reason for the salary differences between plaintiff and the office managers outside of her protected class. Plaintiff has failed to offer any evidence to contradict defendants' evidence or show that defendants acted with a discriminatory motive. Therefore, plaintiff's pay discrimination claims under the NYCHRL are dismissed as well.

C. <u>National Origin Claim</u>

As noted in the Opinion & Order, it is not clear whether plaintiff intended to assert a discrimination claim based on her national origin (Opinion & Order at 2 n.3, 4). Because defendants did not challenge plaintiff's allegation regarding national origin discrimination in their motion for summary judgment, I did not analyze the merits of such a claim in the Opinion & Order (Opinion & Order at 2 n.3).

Defendants now urge that if reconsideration is granted on plaintiff's pay discrimination claims, plaintiff's Complaint should be dismissed in its entirety (Defs.' Mem. at 4-5 n.5). Defendants assert that plaintiff could not have intended to assert a claim of discrimination based on national origin because she has not alleged any facts to support such a claim (Defs.' Mem. at 4-5 n.5). I shall construe defendants' argument to

19

assert that plaintiff has failed to state a claim of discrimination based on national origin and is subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(6).

The Complaint is almost entirely devoid of any factual allegations to support a claim of discrimination based on national origin. In the section of the Complaint entitled plaintiff's "Eleventh Claim Pursuant to [the NYCHRL]," plaintiff alleged that defendants engaged in "discriminatory conduct based on Plaintiff's race, national origin and gender" (Complaint, dated Oct. 7, 2009 (D.I. 1) ("Complaint"), ¶ 145). Although plaintiff included allegations in the Complaint regarding "white," "minority" and "non-minority employees" (see Complaint ¶¶ 28, 51, 58-61), plaintiff did not identify her national origin, nor did she allege an adverse action against her based on her national origin or otherwise include any factual allegations that would support a discrimination claim based on national origin. Plaintiff did not address her purported national origin claim in her opposition to the motion for reconsideration (see Letter from Plaintiff to the Undersigned, dated May 31, 2017; Letter from Plaintiff to the Undersigned, dated May 8, 2017 (D.I. 116)). Therefore, plaintiff has failed to state a claim of discrimination based on her national origin.

However, in the interests of justice, I shall give

plaintiff one final opportunity to allege a discrimination claim based on national origin. "When a motion to dismiss is granted, [i]t is the usual practice . . . to allow leave to replead." Wynn v. N.Y.C. Hous. Auth., 14 Civ. 2818 (SAS), 2015 WL 4578684 at *2 (Scheindlin, D.J.), citing Schindler v. French, 232 F. App'x 17, 19 (2d Cir. 2007) (summary order) (internal quotation marks omitted; alteration and ellipses in original); accord Cruz v. TD Bank, N.A., 742 F.3d 520, 523 (2d Cir. 2013) (per curiam); Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 50 (2d Cir. 1991). Because plaintiff is now proceeding pro se and because leave to amend should be "freely" given "when justice so requires," Fed.R.Civ.P. 15(a)(2), I shall allow plaintiff to amend the Complaint. If plaintiff wishes to proceed with a claim of discrimination based on national origin, she is to file an amended complaint stating such a claim within thirty days of this Opinion and Order. Plaintiff is reminded that any claim of national origin discrimination must be supported by factual allegations.

III. Conclusion

Accordingly, defendants' motion for reconsideration (D.I. 105) is granted and, upon reconsideration, all of plain- tiff's claims alleging race- and color-based pay discrimination

against the Bank of New York Mellon and defendants Hoffman and Lynch are dismissed. Defendants' motion to dismiss the Complaint in its entirety (D.I. 105) is granted, provided that, if plaintiff wishes to proceed with a claim of discrimination based on national origin, she may file an amended complaint that includes factual allegations sufficient to support such a claim within thirty days of this Opinion and Order.

Dated:   New York, New York
         September 19, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Ms. Jacqueline Rogers
4121 Beach Channel Drive
Far Rockaway, New York  11691

Copies transmitted to:

Howard M. Rogatnick, Esq.
Christine B. Cesare, Esq.
Martha E. Joerger, Esq.
Bryan Cave LLP
1290 Avenue of Americas
New York, New York  10104